UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD NORMAN GRANT,

      PETITIONER,                      CIVIL NO.: 04-40219
                                                  CRIM NO.: 99-50055

VS.

                                                   HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,         MAG. JUDGE STEVEN D. PEPE

      RESPONDENT.
_____/

### ORDER DENYING PERMISSION TO FILE NUNC PRO TUNC FILING

Before the Court is Petitioner's *pro se* "Nunc Pro Tunc Filing" of June 26, 2006 (Dkt. #397). The filing is a motion to amend in substance; therefore, the undersigned will treat it as such. Petitioner's original motion under § 2255 was filed August 6, 2004 (Dkt. #376). The district court previously permitted Petitioner to amend his motion and he did (Dkt. #380 & 386). Additionally, Petitioner filed another motion to amend on January 31, 2005 (Dkt. #387). The district court denied the second motion to amend, stating "the Court cannot permit an indefinite series of amendments. The Court finds that the interests of justice does not warrant a second amendment in this case." (Dkt. #388).

Petitioner's motion is untimely, as it was not filed within one year after his sentence became final, as required by 28 USC § 2255. This present motion was filed over two and half years after his sentence became final.[1] Thus, Petitioner's "Nunc Pro Tunc Filing" will not be

---

[1] In any event, Petitioner's claims of ineffective assistance of counsel would fail. First, Petitioner's "Nunc Pro Tunc Filing" raises ineffective assistance of appellate counsel claims, which he could have raised in both his initial motion and his supplement. He failed to do so. He has

1

considered with his original motion under § 2255 and his supplement on November 29, 2004.

Therefore, it is ordered that Petitioner's *pro se* "Nunc Pro Tunc Filing" is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: June 28, 2007  s/Steven D. Pepe
Flint, Michigan  United States Magistrate Judge

---

provided no evidence that he was unaware of these claims prior to his "Nunc Pro Tunc Filing." He does say that his appellate counsel never sent him the file, which impaired his ability to file his motion under § 2255. This is obviously information, that he had while he was *trying* to file his motion, which he did as well as in preparing his supplement. A "delay in seeking amendment provides sufficient grounds for denying [a] motion to amend, [since] the legal basis for [the] proposed claims was reasonably available when the initial § 2255 motion was filed." *Wright v. United States*, 1998 WL 670018, at 2 (6th Cir. 1998) (unpublished disposition) (citations omitted). Further, Petitioner's reliance on *Roe v. Flores-Ortega*, 528 U.S. 470 (2002) is misplaced because that case dealt with counsel's failure to file a direct appeal.

> More importantly, there can be no ineffective assistance of counsel where there is no right to counsel, as there was no right in terms of a rehearing for petitioner on a writ of certiorari.
>> Review by the Supreme Court is discretionary [as is a rehearing by the Sixth Circuit], *Ross v. Moffitt*, 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and "a criminal defendant does not have a constitutional right to counsel to pursue discretionary [ ] appeals or applications for review in [the Supreme] Court." *Wainwright v. Torna*, 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982). Where the defendant has no right to counsel, he cannot be deprived of the effective assistance of counsel. *See id.* at 587-88 ( "Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel ...." ); *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citing Torna for the proposition that "where there is no constitutional right to counsel there can be no deprivation of effective assistance" ); *Anderson v. United States*, 221 F.3d 1333, 2000 WL 875729, at *2 (6th Cir. June 20, 2000) (Table) ( "Counsel did not violate [petitioner's] right to effective assistance ... because [petitioner] has no right to effective assistance on discretionary review." ); *McNeal v. United States*, 54 F.3d 776, 1995 WL 290233, at *2 (6th Cir. May 11, 1995) (Table) (holding that "where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer" ).

*Washpun v. United States*, 109 Fed. Appx. 733, 735, 2004 WL 2030040, at *2 (6th Cir. 2004).

2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James C. Mitchell, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Richard D. Grant, #44494-008, Victorville USP, P.O. BOX 5500, Adelanto CA 92301.

                                                                s/James P. Peltier
                                                                United States District Court
                                                                600 Church Street
                                                                Flint, Michigan 48502
                                                                810-341-7850
                                                                E-mail: pete_peltier@mied.uscourts.gov