UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD NORMAN GRANT,

        PETITIONER,

VS.                                                         CIVIL NO.: 04-40219
                                                            CRIM NO.: 99-50055

                                                            HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,                                   MAG. JUDGE STEVEN D. PEPE

        RESPONDENT.
_____/

## REPORT AND RECOMMENDATION

## I.      INTRODUCTION

      Petitioner Richard Norman Grant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" on August 6, 2004 (Dkt. #371). Petitioner supplemented this motion on November 29, 2004 (Dkt. #386).  This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated below it is recommended that Petitioner's § 2255 Motion be **DENIED**.

## II.     FACTS AND PROCEDURAL HISTORY

      On June 22, 1999, Petitioner and eight other people were charged in a complaint for conspiracy to distribute marijuana and cocaine (Dkt. #1).  Petitioner was indicted on July 21, 1999, for conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a) and § 846 (Dkt. #10).  He plead not guilty at his arraignment on July 22, 1999.  He was appointed a federal defender. When that counsel moved for and was allowed to withdraw, Thomas V.

1

Wilhelm was appointed counsel (Dkt. #123). Although various dates were set for a jury trial, on June 29, 2000, Petitioner entered into a Rule 11 Plea Agreement (Dkt. #208).

On July 6, 2000, Petitioner pled guilty to Count I of the indictment (Dkt. #254). A Presentence Investigation Report [PSR] was prepared. Trial counsel filed several objections to the PSR, including drug types and quantities. Central to Petitioner's direct appeal and to this Report and Recommendation was the fact that at his plea he acknowledged that he and the government had agreed in the worksheets used in the Rule 11 Agreement "that the amount of cocaine and marijuana together is the equivalent of five to 15 kilograms of cocaine." (Plea Transcript, Dkt. # 254, at pages 40-41). The Rule 11 Plea Agreement worksheets included an offense level of 32 for Guideline Number 2D1.1(c)(3) for "Consp to Distrib 5 - 15 Kg cocaine." (Rule 11 Plea Agreement, Dkt. # 208, Worksheet page 1). Based on an anticipated amended penalty enhancement information reducing the charged prior narcotic convictions, which would reduce the mandatory minimum sentence from life imprisonment to 20 years imprisonment (filed July 7, 2000, Dkt. #212), Petitioner twice acknowledged that he faced a mandatory minimum sentence of 20 years (Plea Transcript, Dkt. #254, at pages 11 and 28). Petitioner also specifically agreed not to appeal the accuracy of any factor stipulated to in the guideline worksheets (Rule 11 Plea Agreement, Dkt. #208, Page 6). Consistent with this Plea Agreement, Petitioner was sentenced to 240 months in prison on December 19, 2000 (Dkt. #255).

His trial counsel represented him on appeal and presented the following arguments:

I.      WHETHER THE COURT ERRED IN SENTENCING THE DEFENDANT IN DISREGARD OF *APPRENDI* AND *DALE*

II.     WHETHER THE COURT ERRED IN ASSESSING A TWO POINT ENHANCEMENT FOR POSSESSION OF A FIREARM PURSUANT TO 2D1.1(B)(1) OF THE UNITED STATES SENTENCING GUIDELINES

2

The Sixth Circuit affirmed the conviction. It specifically rejected an ambiguity argument under *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), where a jury's general verdict found a "conspiracy to distribution crack cocaine and marijuana" which could have been either or both of these drugs. In Petitioner's case, the Sixth Circuit found no such ambiguity because Petitioner "specifically pled guilty to and admitted to trafficking in both cocaine and marijuana, in amounts that 'together' amounted to a specified cocaine equivalent." *United States v. Grant*, 77 Fed. Appx. 859, 860, 2003 WL 22290190, at *1 (6th Cir. 2003). It rejected Petitioner's argument under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), again because the sentencing court relied upon amounts of drugs that had been specifically stipulated to by Petitioner. *Id.* It rejected his firearm enhancement claim as insufficiently pled and also as undermined by the significant evidence of firearms found in Petitioner's house. In the companion case on appeal of co-defendant Cullie Palovich, the Sixth Circuit rejected his argument under *United States v. Ramirez*, 242 F.3d 348 (6th Cir. 2000) and *United States v. Strayhorn*, 250 F.3d 462 (6th Cir. 2001), that no drug quantity was alleged in the indictment. *United States v. Cotton,* 535 U.S. 625 (2002), had earlier held that a failure to allege a drug quantity in an indictment is not a jurisdictional defect.[1]

## III.    <u>STANDARD OF REVIEW</u>

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude, which had a substantial and injurious effect of influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255

---

[1] This portion of the appeal is relevant because Petitioner raises these same issues in this § 2255 motion.

motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 requires that a district court hold an evidentiary hearing[2] to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). As the analysis will show, Petitioner is entitled to no relief; thus, an evidentiary hearing is not necessary.

## IV. <u>ANALYSIS</u>

### A. <u>Petitioner's § 2255 Claims:</u>

Petitioner in this § 2255 motion alleges various grounds for ineffective assistance of both trial and appellate counsel.

Ground 1: Trial and appellate counsel were ineffective for failing to raise Grounds 2 and 4 regarding Petitioner's sentencing.

Ground 2: During sentencing trial counsel failed to argue Fed. R. Crim. P. 32(i)(3) and U.S.S.G. § 6A1.3 which require that when faced with a disputed factual issue in a pre-sentence report, a district court must rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. Petitioner asserts that under U.S.S.G. § 6B1.4(d) stipulations as to the amount of

---

[2]The Court has determined that an evidentiary hearing is not necessary in this case.

drugs are not binding on the court, and had his attorney argued about the drug quantities there is a reasonable probability the outcome at sentence would have been different.

Ground 3: In light of the *Blakely v. Washington*, 542 U.S. 296 (2004) decision, his sentence must be vacated both on the drug quantities and on the enhancements related to firearms and his alleged leadership role.

Ground 4: His trial counsel failed to object to lack of drug quantity in the indictment and at sentencing which would have required a sentence under the lower default provision of 21 U.S.C. § 841(b)(1)(D) of 5 years instead of 20 to life under 21 U.S.C. § 841(b)(1)(A).

**B. Procedural Default Regarding Ground 3.**

Petitioner argues that in light of the *Blakely* decision, his sentence must be vacated. Petitioner was sentenced on December 19, 2000. This precise *Blakely* issue was not raised at sentencing or on direct appeal. Yet, *Blakely* was not decided until June 24, 2004, and *certiorari* on the *Blakely* issue was not granted by the United States Supreme Court until October 20, 2003.

Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998) (citation omitted). While ineffective assistance of counsel can constitute cause for not

raising the issue, even if that is demonstrated, a defaulting Petitioner must show prejudice.[3]

Petitioner's counsel can hardly be faulted for not raising the *Blakely* issue at sentencing or on direct appeal because the case had not yet been decided. Yet, on appeal, counsel asserted the similar argument of *Apprendi*

> that [Petitioner] should not have been sentenced based on the statutory penalties permitted for certain quantities of cocaine to which he had specifically stipulated in his plea agreement and sentencing transcript. He also challenges a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2(D) 1.1(b)(1).

*Grant*, 77 Fed. Appx. At860, 2003 WL 22290190, at *1. As noted above, Sixth Circuit rejected these claims holding that

> With respect to the claim based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), we, and the Supreme Court, have held that there is no sentencing error when the sentencing court relies upon amounts that have been stipulated to, or are uncontestedly obvious from trial testimony. *See United States v. Cotton*, 535 U.S. 625, 632-33, 122 S. Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Stines*, 313 F.3d 912, 917-18 (6th Cir.2002). Similarly, here defendant specifically stipulated, in the language of the Guidelines, to an amount sufficient to trigger the statutory basis for his sentence and a Guidelines basis sufficient to support that sentence.

*Grant*, 77 Fed. Appx. at 860, 2003 WL 22290190, at *1.                    .

At the time of his sentencing, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was the

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984), held that to demonstrate ineffective assistance of counsel:

> [f]irst, defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

current law on the forthcoming *Blakely* issue. *Blakely* merely expanded the scope of the application of the *Apprendi* rule. "This case requires us to apply the rule we expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)." *Blakely v. Washington*, 542 U.S. at 2535. In *Apprendi*, the Supreme Court held that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must either be stipulated or be proven beyond a reasonable doubt.

In light of the stipulation to the cocaine equivalent quantities in the plea agreement,[4] Petitioner was sentenced within the statutory maximum sentence range of 20 years to life. Thus, Petitioner "can show no *Apprendi* error because the district court's imposition of each sentence was within the statutory maximum." *United States v. Wingo*, 76 Fed. Appx. 30, 35 (6th Cir. 2003) (citations omitted); *see also Harris*, 536 U.S. at 558; *Leachman*, 309 F.3d at 383. Therefore, to the extent Petitioner raises the effectiveness of counsel as an issue to avoid procedural default on the *Blakely* issue, that argument would fail. Petitioner fails to meet the first prong of the *Strickland* text because his attorney on appeal did raise the appropriate *Apprendi* predecessor legal issue of *Blakely*. Alternatively, even if the *Blakely* issue was not properly raised under the first prong of *Strickland*, any attorney error was not prejudicial under the second prong of *Strickland* because the issue would fail on the facts of this case.[5]

---

[4]The Sixth Circuit pointed out that "Richard N. Grant was ultimately sentenced to 240 months in prison, well within the statutory maximum for trafficking in drugs that equated to at least five kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A)." *Grant*, 77 Fed. Appx. at 860, 2003 WL 22290190, at *1.

[5] Reason one for why it would fail is that Petitioner specifically stipulated to the quantities of cocaine necessary to uphold his 20 year sentence which undermine a *Blakely* claim. Reason two for its failure is that the *Blakely* claim is barred by procedural default because Petitioner has not shown cause and prejudice for his not having raised it. Yet, in addition to these to reasons why the

**C. Ineffective Assistance of Counsel Claims under Ground 1, 2, and 4:**

Petitioner's separate claims of ineffective of assistance of counsel stated as Grounds 1, 2 and 4 are properly before this court, even though they were not raised on direct appeal. "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *United States v. Foster*, 376 F.3d 577, 593 (6th Cir. 2004) (quoting *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir.1992); *see also Massaro v. United States*, 538 U.S. 500

---

claim would fail, it would also fail here because a sentence that was imposed in violation of *Blakely* is now governed by the intervening decision in *United States v. Booker*, 543 U.S. 220 (2005) and these claims are not retroactive and subject to collateral attack under § 2255. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). n *Humpress*, the following factual scenario existed:

> Humphress argued that his sentence was imposed in violation of *Blakely*, --- U.S. ---- 124 S.Ct. 2531, 159 L. Ed. 2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in *Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. Because we conclude that *Booker's* rule does not apply retroactively in collateral proceedings, we find this claim meritless.

*Humphress*, 398 F.3d at 860.

> Nor would Plaintiff have any claim that his sentence was unreasonable. The United States Supreme Court recently clarified its view that the "presumption of reasonableness,"
> even if it increases the likelihood that the judge, not the jury, will find "sentencing facts," does not violate the Sixth Amendment. This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence. Nor do they prohibit the sentencing judge from taking account of the Sentencing Commission's factual findings or recommended sentences.

*Rita v. United States*, __U.S.__, 2007 WL 1772146, at *9 (2007).

(2003) (ineffective-assistance-of-counsel claims may and should be brought in 28 U.S.C. § 2255 proceeding)). Therefore, this Court will address Petitioner's claims regarding ineffective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards,

> [f]irst, defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

*Strickland*, 466 U.S. at 687. Nonetheless, Petitioner "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, 2005 WL 2416995, at *2 (E.D. Tenn. 2005) (citing, *see e.g.*, *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir.1996).

In evaluating alleged prejudice resulting from ineffective assistance of counsel, "[i]t is not enough . . . to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The standard to be applied is not that of a hypothetical perfect counsel, but that of reasonably effective counsel under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. The fundamental test of effective assistance of counsel is whether counsel "bring[s] to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.*

When evaluating counsel's performance under the *Strickland* test, the Sixth Circuit has emphasized that "[a] reviewing court must give a highly deferential scrutiny to counsel's performance. . ." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). This is based on the well-established principle that legal counsel is presumed competent. *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). As the Court in *Strickland* stressed:

> it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

466 U.S. at 689.

"The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). A fair assessment of Petitioner's counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, so as to reconstruct the circumstances of his challenged conduct, and to evaluate the conduct from his perspective at the time. *Stickland*, 466 U.S. at 689. Federal court review presumes that an attorney "is competent, and therefore, 'the burden

10

rests on the accused to demonstrate a constitutional violation.'" *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995) (quoting *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

1. **Trial Counsel**

Petitioner alleges that counsel's performance during the sentencing was deficient overall. Fed. R. Crim. P. 32(i)(3) and U.S.S.G. § 6A1.3 which require that when faced with a disputed factual issue in a pre-sentence report, a district court must rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. Specifically, during sentencing Petitioner argues that counsel should have argued under § 6B1.4(d) the court was not bound by the quantity of drugs he stipulated to and has his attorney argued about the drug quantities there is a reasonable probability the outcome at sentence would have been different.[6]

Petitioner alleges that counsel was ineffective for failing to bring the fact that the indictment did not allege any drug amount to the district court's attention. Petitioner argues that counsel should have "objected pointed out this requirement [stipulation was not binding on court] to the district court there's a reasonable probability the out come [sic] of petitioner's sentence would have been different." (Dkt. #371, Ground 2). Specifically, Petitioner alleges that if counsel had brought it to the court's attention that the indictment failed to reference drug quantity, he would have had to been sentenced under the default provision of 21 U.S.C. § 841(a)(1)(b)(1)(D), which is a 5 maximum for a first offender or a 10 year maximum for a

---

[6]Federal Sentencing Guidelines § 6B1.4(d) states "[t]he court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."

person with one prior drug related felony.

Contrary to Petitioner's allegations, the district court was aware that the stipulation contained in the Rule 11 Plea Agreement was not binding. As the Government points out, during the plea hearing, the following exchange occurred:

THE COURT: It says [paragraph 2A of the Rule 11 Plea Agreement] the Court can accept or reject your position and the Government's position on these factors to be considered in calculating the appropriate sentence range for you under the sentencing guidelines. Do you understand that?

THE DEFENDANT: Yes.

(Dkt. #254, page 21; *see also* pages 22, 24-25, 29).[7]

While § 6B1.4(d) states "[t]he court is not bound by the stipulation" in a plea agreement, Petitioner fails to acknowledge that § 6B1.4(d) does not bar a court from crediting stipulations as to drug quantities in the plea agreement.

Petitioner also argues that pursuant to *United States v. Treadway*, 328 F.3d 878 (6th Cir. 2003), "[e]ven if the sentencing court perceived Treadway's plea agreement as a stipulation to drug quantities, the sentencing court was not bound to accept it." *Id.* First, *Treadway* can be distinguished because as Petitioner states, the Sixth Circuit held that

[t]he plea agreement did not bind Treadway to the stated drug quantities; he could have offered evidence that he should be accountable for a smaller amount. However, Treadway neither objected to the drug quantities reported in the PSR nor took issue with the sentencing court's determination of drug quantities at the sentencing hearing.

---

[7] See also "Answer and Brief in Response to Petitioner's Motion Under 28 U.S.C. § 2255" filed August 31, 2004 (Dkt. #373, page 14).

*Id.* at 884. The *Treadway* holding also clarified that a sentencing court can rely on portions of the PSR that are not challenged by the defendant. *Id.* at 886.[8] Petitioner, in the present case, never offered evidence that he was responsible for a smaller amount and does not at this time. He simply points out that counsel did object to the quantities, but should have done so more vehemently and under various supporting authorities other than that which counsel did pursue.

Additionally, Petitioner argues that during sentencing counsel should have pointed out the requirements of FRCP 32(i)(3)[then rule 32(c)(1)] and § 6A1.3 (Dkt. #371, G-2-page 1).[9]

> Rule 32(c)(1) previously provided that "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed.R.Crim.P. 32(c)(1) (1999). But on December 1, 2002, amendments to the Federal Rules of Criminal Procedure replaced Rule 32(c)(1) with Rule 32(i)(3).

*United States v. Clark*, 117 Fed. Appx. 430, 433 (6th Cir. 2004) (citing *United States v. Darwich*, 337 F.3d 645, 666 (6th Cir.2003). The 1999 version of Rule 32(c)(1) was applicable at Petitioner's January 2001 sentencing, but regardless, the substance of the 1999 and 2002 rules at issue here is substantially the same.[10]

---

[8]Rule 32(i)(3)(A) as amended in 2002 added a similar prevision that the sentencing court "may accept any undisputed portion of the presence report as a finding of fact.

[9]Petitioner reiterates this point, arguing that the where the "district court fails to resolve disputed factual matters concerning the sentence [failure to comply with rule 32 and 6A1.3] remand for resentencing will be required." *Id.* at G-2-page 3 (citations omitted).

[10]*United States v. Hakley*, 101 Fed. Appx. 222, 139 (6th Cir. 2004).

Rule 32 requires that when faced with a disputed factual issue in a pre-sentence report, a district court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court

Petitioner's counsel made 10 objections to the presentence report and, contrary to Petitioner's assertions, the district court did make findings on each objection that trial counsel made regarding the PSR (Dkt. #267, pages 4-48). Because the government was relying on the Rule 11 plea and related plea transcript for a stipulation of 5-15 kilo of cocaine, it conceded to the Petitioner's objections to various ports of the presentence report referring to methamphetamine, heroin, or crack cocaine.[11] In all, the Court sustained Petitioner's objections # 1-6 and 9. It overrule objections 7,8, and 10 with detailed explanations.

Concerning the quantity of drugs during the plea hearing, Petitioner explained his crime in response to questioning by the district court:

| | |
|---|---|
| THE COURT: | Would you please then tell me, Mr. Grant, in your own words what it is you did that leads you to conclude that you're guilty of this charge? |
| THE DEFENDANT: | I conspired with my co-defendant to traffic marijuana and cocaine to Michigan. |
| THE COURT: | Okay. Any by conspire, do you mean that you agreed with them or planned with them to do that? |
| THE DEFENDANT: | Yes. |

---

will not consider the matter in sentencing." Fed.R.Crim.P. 32(i)(3)(b). *United States v. Duckro*, 466 F.3d 438, 449 (6th Cir. 2006) (citing U.S.S.G. § 6A1.3 ("In resolving any dispute concerning a fact important to a sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."))

[11] *See e.g.* "Objection #5: "Defendant objects to Summary of Drug Quantities set forth in paragraph 21 (p.7) of the presentence report as there is no credible evidence that defendant methamphetamine, heroin, or crack cocaine [sic]. The credible evidence established that defendant distributed primarily marijuana." (Dkt. # 251, page 2)."

(Dkt. #254, page 38). Additionally, during the plea hearing, the following question and answer was given in regard to drug quantity:

> MR. MITCHELL: Okay. And you understand pursuant to the agreement that you have with the Government that the amount of cocaine and marijuana jointly is between five and 15 kilograms?
>
> THE DEFENDANT: Say that again.
>
> MR. MITCHELL: In the - - in the worksheets that we've agreed that [sic] the amount of cocaine and marijuana together is the equivalent of five to 15 kilograms of cocaine?
>
> THE DEFENDANT: Yes.

(Dkt. #253, pages 40-41).

During sentencing, this discussion was repeated when specifically referred to by the AUSA Mitchell. Petitioner relies on *Edwards v. United States*, 523 U.S. 511, 515 (1998), and argues that "his sentence exceeded the statutory maximum for a marijuana only conspiracy." (Dkt. #386). Petitioner's trial counsel objected to the drug quantities contained in the Presentence Report. Specifically, counsel argued in support of objection #10, upon which he also filed a written brief, that

> My client did speak - - make a factual basis at the time of the - - the plea. However, you know, he did not - - did not - - state how much of you know, cocaine or marijuana he was actually admitting.
>
> I know we have in the worksheets it says five to 15 kilograms and that's what we were - - that's something we were working on. The other day that was called by Mr. Mitchell a stipulation as to the amount. To the extent that it was a stipulation or an agreement as to the amount, Your Honor, that he should be held responsible here, the law has changed as to the practice and procedures that were in place at the time. And I don't - - I think we have to apply - - I think that agreement was - - should not bind - - bind us now after te *Apprendi* and under *Apprendi* analysis, Your Honor. And that's pretty much all the remarks I have.

(Dkt. #267, pages 38-39). The district court discussed at length its rejection of this argument

*(Id.* at 39-48).[12]

Clearly because *Apprendi* allows quantities to be proven by a stipulation, as well as by a jury verdict beyond a reasonable doubt, *Apprendi*, without more, does not erase a stipulation to quantity at a plea. As noted in *Treadway* a defendant can offer evidence challenging the quantities of drugs in a plea agreement, and the court must make rulings on such objections. Yet, *Treadway* notes the drug quantities provided to the court by the presentence report that are not challenged or when the presentence report uses drug amounts contained in the plea agreement these can be used to uphold a higher level § 842(b)(1)(A) sentence.

Here, other than the failed *Apprendi* argument that that case somehow precludes a Court from relying on a stipulation as to drug quantities, Petitioner offered no evidence or other arguments challenging the stipulated amount. His only successful challenges were to quantities methamphetamine, heroin, or crack cocaine and to an additional 2,000 pounds of marijuana which was separate to the equivalence computations for marijuana of the stipulated cocaine quantities. It appears that the government's concession on these drug amounts was because these were not needed in light of the stipulated amount to get the 240 months sentence it sought, and not because it did not think it could prove these amounts.

---

[12] *In Rita,* 2007 WL 1772146, at *12 (2007), the U.S. Supreme Court also reiterates that § 3553(c) (2000 ed., Supp. IV), . . . does call for the judge to "state" his "reasons." And that requirement reflects sound judicial practice. Judicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust.
That said, we cannot read the statute (or our precedent) as insisting upon a full opinion in every case. The appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances.
The district court adequately stated its reasons in this case for rejecting Petitioner's argument.

After giving its reasons for rejecting the Petitioner's *Apprendi* argument, the Court in its sentencing determination specifically confronted Petitioner with the fact that in responding affirmatively to AUSA Mitchell's questions at the plea hearing, which are noted above, he "conceded the quantities of cocaine that were involved here" (Sentencing transcript, Dkt. # 267, at page 56.). It is also clear that the Sixth Circuit's affirmance of Petitioner's case was in large part based on this plea agreement stipulation to 5-15 kilograms of cocaine. This stipulation is different than the asserted stipulation in *Treadway* which the Sixth Circuit rejects. That was not a stipulation, but a Rule 11 plea agreement that the government's sentencing offense level recommendation would "be calculated using the following drug quantities: (1) at least 500 grams but less than 1.5 kilograms of methamphetamine, and (2) 400 pounds of marijuana.). *Treadway*, 328 F.3d at 884. As noted above, *Treadway* also clarified that a sentencing court can rely on portions of the PSR that are not challenged by the defendant. *Id.* at 886.

Paragraphs 12 and 13 both contain references to cocaine *and* marijuana to which no objections were filed. Other than the methamphetamine, heroin, or crack cocaine and 2,000 pounds of marijuana in Paragraph 21 of the PSR, Petitioner did not object to other portions of that paragraph highlighted below:

> Based up available information provided by individuals involved in the conspiracy, it is estimated that GRANT distributed or caused to be distributed between 5 and 15 kilograms of cocaine, an ounce of methamphetamine, 85.05 grams of heroin, 141.75 grams of crack and 2,000 pounds of marijuana. **For guideline calculation purposes, the cocaine converts to at least 1,000 kilograms of marijuana**, the methamphetamine converts to 2 kilograms of marijuana, the heroin converts to 85.05 kilograms of marijuana, the crack cocaine converts to 2,835 kilograms of marijuana and added to the 2,000 pounds of marijuana, or 907 kilograms, the total amount of drugs are the equivalent of 4,829.05 kilograms of marijuana.

(Emphasis supplied.)

Thus, for sentencing purposes, even if the stipulated 5 and 15 kilograms of cocaine were treated as marijuana for guideline calculation purposes, that cocaine amount would convert to at least 1,000 kilograms of marijuana. That quantity of marijuana under § 841(b)(1)(A)(vii) would subject Petitioner to the same sentence as the 5 kilogram of cocaine does under

§ 841(b)(1)(A)(ii).

Petitioner also relies on *United States v. Darwich*, 337 F.3d 645 (6th Cir. 2003), and argues that "the district court's reliance on hearsay testimony to determine drug quantity amount beyond a reasonable doubt violated *Apprendi*." In *Darwich*, the Sixth Circuit employed the following reasoning:

> [i]f the district court could not find fifty kilograms beyond a reasonable doubt, then the district court would have been unable to sentence Darwich under § 841(b)(1)(C) with a maximum sentence of twenty years and instead would have had to sentence him under § 841(b)(1)(D). Section 841(b)(1)(D) provides for a maximum sentence of five years (or sixty months) when the amount of marijuana established is less than fifty kilograms. Thus, without finding beyond a reasonable doubt the necessary fifty kilograms to bring Darwich's sentence within the purview of § 841(b)(1)(C), Darwich's eighty-eight month sentence would violate the sixty-month statutory maximum contained in § 841(b)(1)(D).

*Darwich*, 337 F.3d at 654, n. 9.

Similarly, Petitioner argues that he should have been sentenced under the default provisions of § 841(b)(1)(D) because increased quantities of narcotics have not been established beyond a reasonable doubt without using the hearsay portions of the presentence report. Yet, his argument is flawed because here the Court found that Petitioner stipulated to 5-15 kilograms of cocaine in his plea agreement, and a party admission under Fed. R. Evid. 801(d)(2) is not

hearsay and thus relying on Petitioner's stipulation does not run afoul of *Treadway*.

In sum, in the present case, trial counsel did bring alleged inaccuracies to the attention of the trial judge, he prevailed on many and lost on others, and the Court explained its reasons. It is not clear that any of trial counsel's arguments made or those he did not make constitutes ineffective assistance of counsel under the first prong of the *Strickland*. Because all of Petitioner's arguments are flawed, there clearly was no prejudice under the second prong of the *Strickland*. Accordingly, Petitoner's arguments regarding his trial counsel under his Grounds 1, 2 and 4 are insufficient to grant his § 2255 motion.

## 2. **Appellate Counsel**

First, Petitioner argues that appellate counsel was ineffective generally. Any "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted). To the extent that there was not ineffective assistance of trial counsel on the aforementioned issues, there can be no ineffective assistance of his appellate counsel for not raising the same issues on appeal or for not challenging Petitioner's trial counsel for failing to raise the issues.

Petitioner also argues that his appellate counsel should have raised the fact that the indictment did not contain a drug quantity. Yet, Petitioner acknowledges that his co-defendant did raise this argument on direct appeal, and it was rejected. "In *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781, 152 L. Ed.2d 860 (2002), a unanimous Supreme Court specifically

held that failure to allege a drug quantity in an indictment is not a jurisdictional defect. *Id.* at 630-31." *Grant*, 77 Fed. Appx. at 860, 2003 WL 22290190, at *2. The Sixth Circuit stated his co-defendant's argument as follows:

> Palovich similarly admitted to his trafficking in both drugs, and in the same quantity specified with respect to Mr. Grant. Palovich now appeals solely on the basis that no quantity was alleged on the face of the indictment, and that thus the court did not have jurisdiction to sentence him based on any specific quantity above the minimum.

*Id.* This is the same argument that Petitioner thinks his appellate counsel should have raised. It is clear that the Sixth Circuit would not have treated Petitioner Grant any different than Mr. Palovich. Thus, Petitioner cannot show that but for his appellate counsel's failure to raise the issue the result would have been any different

Therefore, Petitioner has failed to show that he was denied effective assistance of counsel on appeal.

## V.    <u>CONCLUSION</u>

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED**.

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United*

*States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may

enlarge the period of time in which to file objections to this report.


**DATED**: June 28, 2007                         s/Steven D. Pepe
Flint, Michigan                                 United States Magistrate Judge



<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on <u>June 28, 2007</u>, I electronically filed the foregoing paper with the Clerk of
the Court using the ECF system which will send notification of such filing to the following:
<u>James C. Mitchell</u>, and I hereby certify that I have mailed by United States Postal Service the
paper to the following non-ECF participant(s): <u>Richard D. Grant, #44494-008, Victorville USP,
P.O. BOX 5500, Adelanto CA 92301</u>.

                                   s/James P. Peltier

                                   United States District Court

                                   600 Church Street

                                   Flint, Michigan 48502

                                   810-341-7850

                                   E-mail: pete_peltier@mied.uscourts.gov